BC

FILED
12/11/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
10/24/2025
JKS
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

Graciela Dela Torre )
)
)
Plaintiff )
)
v. )
Blue Raven Solar, LLC and GoodLeap, )
LLC, )
)
Defendant )

Case Number:

Judge:

Magistrate Judge:

1:25-cv-12988
Judge John F. Kness
Magistrate Judge Albert Berry, III
RANDOM/ Cat 3

## COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

### INTRODUCTION

Plaintiff Graciela Dela Torre, applying for IFP and requesting an attorney, brings this civil action against Blue Raven Solar, LLC and GoodLeap, LLC, arising from a fraudulent solar installation and financing scheme that caused financial, emotional, and physical harm. Defendants induced Plaintiff an individual with documented disabilities protected under the Americans with Disabilities Act (ADA) into accepting a solar panel system that failed to meet promised savings, was never legally commissioned, and was deceptively financed through a third-party servicer, GoodLeap, with whom Plaintiff had no direct contractual relationship. Despite the system's lack of city inspection approval, GoodLeap billed Plaintiff as if the installation were active, while ComEd electric bills ballooned instead of decreased. The deceptive conduct has left Plaintiff in a state of financial distress, health deterioration, and increased vulnerability due to her disabilities.

Plaintiff requests this Court to:

➢ Award damages for deceptive and unlawful conduct,
➢ Cancel the disputed debt,
➢ Order injunctive relief, and
➢ Enforce ADA protections, including accommodation in court processes.

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under:
   o 28 U.S.C. § 1331;
   o Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; and
   o Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

2. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for related state law claims.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) as the events occurred in Elgin, Illinois, within the Northern District.

### PARTIES

4. Plaintiff Graciela Dela Torre is a resident of Elgin, Illinois, and a person with disabilities as defined under the ADA, 42 U.S.C. § 12102. She invokes rights to reasonable accommodation under Title II of the ADA throughout this proceeding.

5. Defendant Blue Raven Solar, LLC is a Utah limited liability company conducting business in Illinois and nationwide, including door-to-door solar system sales and installations. 6. Defendant GoodLeap, LLC is a Texas-based loan servicer that collects on solar contracts in Illinois, and claims to be the assignee of Plaintiff's disputed solar financing.

### FACTUAL ALLEGATIONS

**7**. In or around 2019, Plaintiff was approached by Blue Raven Solar representatives who promised drastic savings on electricity—asserting that Plaintiff's electric bill would "drop to nearly zero."**8**. Relying on these material misrepresentations, Plaintiff agreed to the installation under the belief she was entering into a savings-based energy solution, not a high-interest, finance-driven agreement. **9**. Blue Raven proceeded to install the system but failed to obtain final city inspection approval, a necessary prerequisite for lawful operation.

o   See Exhibit D (City inspection status screenshot/documentation).

**10**. Despite lacking commissioning approval, Defendants began billing Plaintiff:

- $180/month to GoodLeap, and
- Over $800/month in electric bills to ComEd.
- See Exhibit C (ComEd bill – $817.17);
- See Exhibit E (GoodLeap notices).

**11.** Plaintiff continued making payments for several months until a financial crisis forced her to investigate the promised savings.

**12.** Plaintiff discovered that the system was not legally operational, not generating energy, and never approved by the City of Elgin.

- See Exhibit B (Enphase report – only 280.5 kWh produced in January).

**13.** Plaintiff has no signed agreement with GoodLeap, nor was she provided with required TILA disclosures, such as APR, finance charges, or right-to-cancel notices.

**14.** Upon receiving collection notices, Plaintiff submitted a debt validation request to GoodLeap, who failed to comply.

- See Exhibit F (Debt validation request and proof of non-response).

**15.** GoodLeap continues its collection efforts in violation of FDCPA requirements.

**16.** Plaintiff has suffered financial losses, emotional distress, and deterioration of physical health, exacerbated by the strain of unjust billing and collection practices.

**17.** Attached are the original layout and proposal documents from Blue Raven Solar.

- See Exhibit A.

**18.** Plaintiff also includes a Better Business Bureau (BBB) record indicating prior similar complaints.

See Exhibit G.

<u>CAUSES OF ACTION</u>

Count I – Fraudulent Misrepresentation Against Blue Raven

**19.** Blue Raven knowingly misrepresented the benefits, approval status, and utility cost savings of the system.

**20.** Plaintiff reasonably relied on these statements.

**21.** The system was non-operational and unapproved, rendering the representations false and misleading.

Count II – Violation of the Truth in Lending Act (TILA) Against GoodLeap

**22.** Plaintiff was not provided with legally required disclosures under 15 U.S.C. § 1638.

**23.** No signed financing agreement exists between Plaintiff and GoodLeap.

Count III – Unjust Enrichment (Against GoodLeap)

**24.** GoodLeap accepted payments without legal or contractual justification.

**25.** It would be inequitable for GoodLeap to retain those funds.

Count IV – Violation of the Fair Debt Collection Practices Act FDCPA Against GoodLeap

**26.** GoodLeap failed to verify the debt under 15 U.S.C. § 1692g(b).

**27.** Despite Plaintiff's written dispute, GoodLeap continued collection efforts unlawfully.

Count V – Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act Against Both Defendants

**28.** Defendants engaged in unfair and deceptive practices in violation of 815 ILCS 505/2.

**29.** Their conduct includes misrepresentation, omission of key facts, and failure to comply with inspection, contract, and lending standards.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages for actual financial loss and emotional distress;

B. Award statutory damages under TILA and FDCPA;

C. Grant rescission of the unlawful financing arrangement with GoodLeap;

D. Issue an injunction prohibiting further collection on the disputed debt;

E. Award punitive damages for willful and reckless conduct;

F. Award attorneys' fees and costs if counsel is later retained;

G. Enforce reasonable accommodations under the ADA (e.g., extended deadlines, flexible scheduling, remote access, simplified language);

H. Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**
**Graciela Dela Torre**
653 Wing Street, 1st Floor
Elgin, IL 60123
gmestiza1@gmail.com
(630) 670-5914